UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARILYN HAWKINS, an individual

    Plaintiff,

v.                                                            Case No:   2:16-cv-328-FtM-38MRM

ROBERT A. MACDONALD,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This cause comes before the Court, *sua sponte*, on the Order to Show Cause as to Plaintiff Marilyn Hawkins (Doc. 22) entered on June 19, 2017.

**I.  Background**

    Previously in this action, attorney Benjamin H. Yormak filed an Unopposed Motion to Withdraw (Doc. 20).  Mr. Yormak requested leave to withdraw due to a breakdown in the attorney-client relationship.  (Doc. 20 at 1).  On May 15, 2017, the Court found that Mr. Yormak had fully complied with M.D. Fla. R. 2.03(b) and allowed counsel to withdraw.  (Doc. 21).

    In addition to granting the Motion, the Court allowed Plaintiff Marilyn Hawkins twenty-one (21) days from the date of the Order in which to retain new counsel and have new counsel file a notice of appearance or to notify the Court that she is proceeding *pro se*.  (*Id.* at 2).  The Court warned, however, that if no notice of appearance was filed or if Plaintiff failed to notify the Court that she is proceeding *pro se*, then the Court may dismiss this action.  (*Id.*).  The Court further ordered all correspondence be directed to Plaintiff's address provided by counsel.  (*Id.*).

    On June 19, 2017, the Court noted that Plaintiff had not filed a notice as required by the May 15, 2017 Order (Doc. 21).  (Doc. 22 at 1).  Additionally, the Court noted that the

correspondence sent to Plaintiff by the Court was returned to the Court as "Undeliverable/Unable to Forward." (*Id.*). The Court further noted that it was "Plaintiff's obligation to maintain a current address with the Court" and that Plaintiff had "failed to do so in addition to failing to comply with the Court's May 15, 2017 Order (Doc. 21)." (*Id.*).

In light of these failures by Plaintiff, the Court ordered Plaintiff to show cause why she failed to comply with the Court's May 15, 2017 Order (Doc. 21) and why she failed to update her address with the Court no later than twenty-one (21) days from the date of the Order. (*Id.* at 2). Additionally, the Court ordered Plaintiff to either (1) retain new counsel and have new counsel file a notice of appearance or (2) notify the Court that she is proceeding *pro se* no later than twenty-one (21) days from the date of the Order. (*Id.*). The Court again warned Plaintiff that if no notice of appearance is filed or if Plaintiff fails to notify the Court that she is proceeding *pro se*, then the Undersigned would recommend that this action be dismissed for failure to prosecute. (*Id.*).

Since that time, Plaintiff has failed to file anything showing good cause or to notify the Court of her intentions, as ordered. Moreover, the time for Plaintiff to respond has passed.

**II.    Legal Standard**

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

*Martin-Trigona*, 627 F.2d at 682).  The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable."  *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)).  The court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal."  *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

**III.   Analysis**

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Plaintiff's delay and unresponsiveness in this case is willful.  *See McKelvey*, 789 F.2d at 1520.  Plaintiff has twice failed to comply with Court Orders.  In fact, Plaintiff has not filed anything in this case since her attorney withdrew as counsel.  At this point, because Plaintiff has blatantly failed to comply with two successive Court Orders and has otherwise made no showing in any respect that she wishes this action to proceed, the Undersigned can only view Plaintiff's actions as willful delay warranting dismissal for failure to prosecute.  *See id.*

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Amended Complaint (Doc. 11) be dismissed.

Respectfully recommended in Chambers in Fort Myers, Florida on July 17, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties

4